**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEPARTMENT OF EDUCATION,
STATE OF HAWAII,

          Plaintiff - Appellee,

  v.

PATRICK P.; GORDEAN L.-W.;
THOMAS W.,

          Defendants - Appellants.

No. 13-16123

D.C. No. 1:12-cv-00438-LEK-
BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 18, 2015
Honolulu, Hawaii

Before: TASHIMA, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Defendants-Appellants Patrick P., Gordean L.-W., and Thomas W.

(Patrick's mother and step-father, respectively) appeal the district court's reversal

of the Administrative Hearing Officer's ("AHO") decision.  The AHO had

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

concluded that Patrick was eligible for special education services under the Individuals with Disabilities Act of 2004 ("IDEA"), 20 U.S.C. §§ 1400-1450. Patrick challenges the district court's decision in two ways. First, Patrick alleges that the district court did not provide the AHO with the appropriate level of deference. Second, Patrick contends that the district court erred by determining that Patrick was not eligible for special education benefits under the IDEA. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. When a district court reviews an AHO's determination concerning a student's eligibility under the IDEA, the district court is to "read the administrative record, consider the new evidence, and make an independent judgment based on a preponderance of evidence and giving due weight to the hearing officer's determinations." *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 892 (9th Cir. 1995). To give "due weight," the district court "must consider the [AHO's] findings carefully and endeavor to respond to the hearing officer's resolution of each material issue. After such consideration, the court is free to accept or reject the findings in part or in whole." *Michael P. v. Dep't of Educ.*, 656 F.3d 1057, 1066 (9th Cir. 2011). Ultimately, "[h]ow *much* deference to give state educational agencies, however, is a matter for the discretion of the courts." *J.W. ex*

*rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010) (quoting

*Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987)).

The district court did not abuse its discretion by giving the AHO's decision only minimal deference. A district court abuses its discretion when it bases its decision "on an inaccurate view of the law or a clearly erroneous finding of fact." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1244 (9th Cir. 2015). The district court applied the correct legal standard and found that the AHO's decision was not sufficiently "thorough and careful" to warrant more than minimal deference. The district court spent a significant portion of its decision responding to the AHO's findings and conclusions regarding Ms. Hui's classroom observations. After carefully considering the AHO's findings, the district court was "free to accept or reject the findings in part or in whole." *Michael P.*, 656 F.3d at 1066. Although the district court could have explained more thoroughly its finding that the AHO "glosse[d] over considerable factual testimony that contradicts [its] findings," the finding is not clearly erroneous. Because the district court applied the correct law and did not rely on a clearly erroneous finding of fact, we cannot say that the district court abused its discretion by rejecting the AHO's conclusions regarding Ms. Hui's classroom observations and by providing the AHO's decision only minimal deference.

3

2.  After finding that the AHO's decision warranted only minimal deference, the district court was to "make an independent judgment based on a preponderance of evidence."  *Wartenberg*, 59 F.3d at 892.  We review a district court's findings of fact in IDEA cases for clear error, and review its conclusions of law de novo. *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996)*, abrogated in part on other grounds by Schaffer v. Weast*, 546 U.S. 49, 56-58 (2005).  The district court did not err by concluding that Patrick was not eligible for special education benefits under the specific learning disability classification.

> [A] child will be deemed eligible for special education under the "specific learning disability" classification if she satisfies two sets of criteria.  First, the child must demonstrate either (1) inadequate achievement, or (2) a severe discrepancy between achievement and ability.  Second, the child must demonstrate either (1) insufficient progress, or (2) a pattern of strengths or weaknesses in performance consistent with a "specific learning disability."

*Michael P.*, 656 F.3d at 1069 (citations omitted).  In the proceedings before the district court, the Hawaii Department of Education ("DOE") bore the burden to show that Patrick did not meet the eligibility criteria.  *See L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009).  To show that Patrick was achieving adequately and did not demonstrate a severe discrepancy between achievement and ability (as required by the first set of criteria), the DOE presented evidence that (1) Patrick performed well in his classroom and was generally

4

engaged with his classes, (2) he was receiving good grades at the private school and had done so through subsequent semesters, and (3) he was receiving only "tier one" accommodations (or those accommodations that may be provided to all students, both general and special education) at his private school. The district court relied on this evidence and found that Patrick failed to satisfy the first prong of the eligibility analysis, and was therefore not eligible for special education benefits under the IDEA. These findings of fact were not clearly erroneous, and the district court did not err in applying those facts to the eligibility requirements.

**AFFIRMED.**